T.C. Summary Opinion 2020-17

UNITED STATES TAX COURT

JAMES ANTHONY BOWERS AND ALESANDRA LANTO, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18779-17S.                    Filed June 16, 2020.

James Anthony Bowers and Alesandra Lanto, pro sese.

<u>Jerry M. Innocent</u> and <u>Gennady Zilberman</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioners are liable for a Federal income tax deficiency of $9,203 for the taxable year 2014 (year in issue) and an accuracy-related penalty under section 6662(a) of $1,841.  Petitioners, husband and wife, filed a timely petition for redetermination with the Court pursuant to section 6213(a).  Petitioners resided in New York when the petition was filed.

After concessions,[2] the issues remaining for decision are whether petitioners are entitled to deduct on Schedule C, Profit or Loss From Business, travel expenses and certain "Other" expenses not otherwise conceded by respondent.

---

[1](...continued)
Revenue Code, as amended and in effect for 2014, and Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts are rounded to the nearest dollar.

[2]Petitioners concede that they are not entitled to deductions for meals and entertainment expenses and legal and professional expenses of $600 and $1,975, respectively.  Respondent concedes that petitioners are (1) entitled to deductions for "Other" conference expenses limited to hotel expenses and transportation expenses of $376 and $120, respectively, and (2) not liable for an accuracy-related penalty under sec. 6662.  Other adjustments are computational and will flow from our disposition of the issues remaining in dispute.

## Background[3]

### I. Groupe Sanglier

Mr. Bowers is employed as a financial manager at a nonprofit organization. Dr. Lanto is a doctor of clinical psychology. In the late 1990s they started a management consulting business, Groupe Sanglier, with the aim of providing services primarily to nonprofit organizations. During the year in issue petitioners engaged in the Groupe Sanglier activity part time.

### II. Petitioners' Tax Return

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for the year in issue. They attached to the return a Schedule C for Groupe Sanglier reporting no receipts and expenses totaling $31,210, which they in turn claimed as a business loss deduction on line 12 of the return. Respondent disallowed a substantial portion (but not all) of the Schedule C expenses for lack of substantiation and on the theory that the expenses are not ordinary and necessary business expenses.

---

[3]Some of the facts have been stipulated. Dr. Lanto did not appear when this case was called for trial. Mr. Bowers appeared and informed the Court that Dr. Lanto was aware of the proceeding but was unable to attend the trial because of work obligations.

A. <u>Travel Expenses</u>

Petitioners claimed a deduction for travel expenses of $9,500 which they attribute to (1) a seminar that they attended at the University of Southern California and (2) cab fares and car service fees that they paid in connection with meetings with prospective clients.

B. "Other" Expenses

Petitioners claimed a deduction for "Other" expenses comprising storage fees of $1,500, publication expenses of $2,950, telecommunication expenses of $4,975, marketing expenses of $475, conference expenses of $1,900, and consulting fees of $1,975.

1. <u>Storage</u>

Petitioners stored paper records and other materials at a commercial storage facility. Mr. Bowers produced four invoices issued to Groupe Sanglier by the storage facility acknowledging cash payments of storage fees totaling $2,000.

2. <u>Publications</u>

Petitioners paid $127, $30, and $20 for The Economist, Time, and Forbes magazines, respectively. Mr. Bowers occasionally paid cash at newsstands for copies of Investor's Business Daily and similar financial publications.

### 3. Telecommunications

Petitioners paid $314 and $497 for phone and internet services, respectively. Although petitioners also paid for cellular phone services, there is no evidence in the record of the amounts they paid.

### 4. Marketing

Petitioners paid $138 for Wordtracker services, an internet search engine optimization tool. Although petitioners also purchased a half-page advertisement for Groupe Sanglier in a marketing brochure, Mr. Bowers was unable to produce a receipt or similar record showing the amount of the expenditure.

Dr. Lanto's records indicate that she paid membership dues to various business organizations, maintained an account subscription with LinkedIn, and paid for online writing skills courses.

### 5. Conferences

In February and November 2014 Dr. Lanto attended conferences in Florida. Petitioners paid $206 to Maverick Vision International Advisors in connection with the February 2014 conference.

6. <u>Consulting Fees</u>

Petitioners hired a consultant to design a website for Groupe Sanglier. Mr. Bowers could not recall the amount that petitioners paid the consultant but recalled that he and Dr. Lanto were not satisfied with the website.

<u>Discussion</u>

The Commissioner's determination of a taxpayer's liability in a notice of deficiency normally is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect.[4] Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed. Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934).

A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 89-90 (1975), <u>aff'd per curiam</u>, 540 F.2d 821 (5th Cir. 1976); <u>Meneguzzo v. Commissioner</u>, 43

---

[4]Under sec. 7491(a)(1) the burden of proof may shift from the taxpayer to the Commissioner if the taxpayer produces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's liability. Petitioners did not allege that sec. 7491(a)(1) applies, nor did they introduce the requisite evidence to invoke that section; therefore, the burden of proof remains on petitioners.

T.C. 824, 831-832 (1965).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

Under section 162(a) a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  A deduction normally is not allowed, however, for personal, living, or family expenses.  Sec. 262(a).

Whether an expenditure satisfies the requirements for deductibility under section 162 generally is a question of fact.  See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, Commissioner v. Heininger, 320 U.S. at 471; sec. 1.162-1(a), Income Tax Regs.

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court normally may estimate the amount allowable as a deduction.  Cohan v. Commissioner, 39 F.2d

540, 543-544 (2d Cir. 1930); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

Section 274(d) prescribes more stringent substantiation requirements to be met before a taxpayer may deduct certain categories of expenses, including expenses for travel. See <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), <u>aff'd per curiam</u>, 412 F.2d 201 (2d Cir. 1969). To satisfy the requirements of section 274(d), a taxpayer generally must maintain adequate records or produce sufficient evidence corroborating his or her own statement, which, in combination, are sufficient to establish the amount, date and time, and business purpose for each expenditure. Sec. 1.274-5T(b), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46017 (Nov. 6, 1985).

Section 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017-46018 (Nov. 6, 1985), provides in relevant part that "adequate records" generally consist of an account book, a diary, a log, a statement of expense, trip sheets, or a similar record made at or near the time of the expenditure, along with supporting documentary evidence. The Court may not use the rule established in <u>Cohan v. Commissioner</u>, 39 F.2d at 543-544, to estimate expenses covered by

section 274(d). <u>Sanford v. Commissioner</u>, 50 T.C. at 827; sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Taxpayers lacking a contemporaneous log are expected to maintain a record created as near in time as possible to the particular expenditure (including the elements outlined above), supported by corroborative documentary evidence that carries with it a high degree of probative value. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., <u>supra</u>.

I. <u>Travel Expenses</u>

Petitioners claimed a deduction for travel expenses of $9,500. Although the expenses were attributable in part to a conference that petitioners attended at the University of Southern California, Mr. Bowers failed to produce any records, such as airline receipts or hotel invoices, necessary to substantiate any travel expenditures related to the conference. Mr. Bowers did produce records showing that petitioners paid local transportation expenses (i.e., cab fares and car service fees), but petitioners did not maintain a travel log or similar record presenting details about their purported business meetings. In sum, petitioners failed to meet the strict substantiation requirements of section 274(d) applicable to travel expenses. Consequently, respondent's determination disallowing the deduction that petitioners claimed for travel expenses is sustained.

## II. "Other" Expenses

Petitioners failed to produce the business records needed to fully substantiate many of the "other" expenses that they attributed to Groupe Sanglier. It is worth noting here that while the expenses in dispute would normally qualify as ordinary and necessary business expenses within the meaning of section 162(a), a number of the disputed expenses also have a distinctly personal element. Considering all the facts and circumstances, and applying the Cohan rule, we have estimated the amount of allowable deductions for some expenses, in relatively modest amounts, as set forth below.

### A. Storage Fees

Petitioners claimed a deduction for storage expenses of $1,500. Mr. Bowers produced four invoices indicating that Groupe Sanglier paid a total of $2,000 to store records and other materials. Mr. Bowers' testimony regarding the invoices suggests, however, that petitioners stored both personal records and business records at the storage facility. We conclude that petitioners are entitled to a deduction of $1,000 for storage expenses.

### B. Publications

Petitioners claimed a deduction for publication expenses of $2,950. Mr. Bowers produced records showing that petitioners paid a total of $177 for various

magazines.  Although Mr. Bowers occasionally paid cash for Investor's Business Daily and similar financial publications, there are no records to substantiate the amount of his cash expenditures.  We conclude that petitioners are entitled to a deduction of $100 for publication expenses.

C.  <u>Telecommunications</u>

Petitioners claimed a deduction for telecommunications expenses of $4,975. Mr. Bowers produced records showing that petitioners paid a total of $811 for phone and internet services.  Although Mr. Bowers testified that petitioners purchased additional telecommunication services, including cellular phone services, there are no records to substantiate those additional expenditures.  We conclude that petitioners are entitled to a deduction of $600 for telecommunications expenses.

D.  <u>Marketing</u>

Petitioners claimed a deduction for marketing expenses of $475.  Mr. Bowers produced records showing that petitioners paid $138 for Wordtracker services.  He also testified that petitioners purchased an advertisement for Groupe Sanglier in a marketing brochure, but he failed to produce any records to substantiate the expenditure.  Dr. Lanto's records indicate that she paid membership dues to various business organizations, maintained a subscription

with LinkedIn, and paid for online courses to improve her writing skills.  We conclude that petitioners are entitled to a deduction of $300 for marketing expenses.

### E. Conferences

Petitioners claimed a deduction for conference expenses of $1,900.  As noted above respondent conceded that petitioners are entitled to deduct conference expenses comprising hotel expenses and transportation expenses of $376 and $120, respectively.  Mr. Bowers produced a receipt showing that petitioners paid $206 in connection with a conference.  He failed to produce any other documentation, however, substantiating the balance of the disputed conference expenses.  We conclude that petitioners are entitled to a deduction of $206 for conference expenses, in addition to the amounts respondent conceded.

### F. Consulting Fees

Petitioners claimed a deduction for consulting fees of $1,975.  Although Mr. Bowers testified that these expenses related to payments to a website developer, he was unable to produce any records to substantiate this expenditure.  Respondent's determination disallowing the deduction that petitioners claimed for consulting fees is sustained.

III.  <u>Conclusion</u>

In sum, petitioners failed to maintain or produce the business records needed to substantiate many of the expenses in dispute.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.